**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas C. Rhoads, ) | No. CV10-0197-PHX-NVW |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | [NOT FOR PUBLICATION] |
| ) | |
| Washington Mutual Bank, F.A., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Motion to Dismiss (doc. # 7) by Defendants JPMorgan Chase Bank, N.A. ("Chase"), as acquirer of certain assets and liabilities of Washington Mutual Bank ("WaMu") from the Federal Deposit Insurance Corporation acting as receiver, and California Reconveyance Company ("California Reconveyance"). Also before the Court is Plaintiff's request for leave to amend the Complaint to add "Deutsche Bank and WAMU 2003-AR7 as Defendants" (doc. # 8).

**I.     Legal Standards**

    **A.     Fed. R. Civ. P. 8**

Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). A claim must be stated clearly enough to provide each defendant fair

1  opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th
2  Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and
3  clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential
4  functions of a complaint." *Id.* at 1180.

**B.     Fed. R. Civ. P. 12(b)(6)**

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

First, allegations in the complaint that are not entitled to the assumption of truth must be identified. *Id.* at 1949, 1951. The principle that all of the allegations in a complaint are accepted as true does not apply to legal conclusions or conclusory factual allegations. *Id.* at 1949, 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Second, whether the factual allegations plausibly suggest an entitlement to relief must be determined. *Iqbal*, 129 S. Ct. at 1950, 1951. This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, material properly submitted as part of the complaint and documents not physically attached to the complaint whose contents are alleged in a complaint and whose authenticity no party questions may be considered. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### C. Fed. R. Civ. P. 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

## II. Facts Assumed True

For this motion to dismiss, Plaintiff Douglas C. Rhoads' allegations of material fact are assumed to be true and are construed in the light most favorable to him. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Stated here are just the allegations of the Complaint, and the Court does not determine whether they are true.

On April 28, 2003, Rhoads received a loan on the property at 4834 East Crystal Lane in Paradise Valley, Arizona ("Property") from WaMu in the form of a promissory note in the amount of $962,500.00 ("Note") secured by a deed of trust that included an adjustable rate addendum ("Deed of Trust"). The addendum sets an initial fixed interest rate of 5.125% for five years and, beginning May 1, 2008, an adjustable interest rate that could change every 12th month thereafter. The adjustable interest rate is calculated by adding 2.750% to the weekly average yield on United States Treasury securities with a

maximum interest rate of 10.125%. The Deed of Trust identifies WaMu as the lender and beneficiary and California Reconveyance as the trustee. It states that Rhoads irrevocably grants and conveys to Trustee, in trust, the Property with power of sale. California Reconveyance is a wholly owned subsidiary of WaMu.

Rhoads apparently made timely loan payments from 2003 until early 2008, when he "began experiencing financial difficulty and missed some loan payments." He applied for a loan modification from WaMu, but did not receive one despite repeated requests. On September 25, 2008, Chase acquired certain assets of WaMu, including a number of notes and deeds of trust. On December 30, 2008, a Notice of Trustee's Sale was recorded which named Chase as the present beneficiary and set April 2, 2009, as the date of the trustee's sale. On June 15, 2009, Rhoads sent a notice of dispute and request to verify the claim to California Reconveyance, which was acknowledged and forwarded to Chase. On June 24, 2009, Rhoads sent a Qualified Written Request to WaMu, Chase, and other Defendants. On August 5, 2009, Rhoads received an email from Chase stating his application was incomplete and he should restart the process with a new application to Chase for loan modification.

On September 15, 2009, Rhoads filed a complaint in the Maricopa County Superior Court. On January 5, 2010, California Reconveyance sold the Property at a trustee's sale. On January 28, 2010, Chase and California Reconveyance removed this case from the state court to federal court.

### III. Analysis Under Fed. R. Civ. P. 8, 9(b), and 12(b)(6)

#### A. Count One (UCC Defenses to Foreclosure) (All Defendants)

The Complaint alleges that all Defendants violated A.R.S. § 47-3101, *et seq.*, by selling the Property at a trustee's sale without possession of the original Note or other entitlement to enforce the Note.

Under Arizona's Deed of Trust Act, a "deed of trust," or "trust deed" conveys trust property to a qualified trustee to secure the performance of a contract or contracts. A.R.S. § 33-801(8). "Contract" includes, but is not limited to, a note, a promissory note, or

- 4 -

provisions of any trust deed. A.R.S. § 33-801(4). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in the performance of the contract or contracts, for which the trust property is conveyed as security." A.R.S. § 33-807(A).

Although the Arizona Deed of Trust Act confers power of sale on the trustee upon default or breach of the contract secured by the trust deed without reference to enforcing or producing a note or other negotiable instrument, Rhoads contends that, before exercising the power of sale, a trustee or beneficiary must show possession of the original note memorializing the underlying debt or other proof of being the holder of the note identified in the security instrument. He cites no authority, however, and the Court has found none, supporting his assertion that exercising the power of sale granted by statute and the Deed of Trust requires compliance with the Arizona Uniform Commercial Code—Negotiable Instruments.

No Arizona court or any federal appellate court has decided this issue, but many district courts for the District of Arizona have rejected the "show me the note" argument. *See Contreras v. U.S. Bank*, No. CV09-0137-PHX-NVW, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009); *Blau v. America's Servicing Co.*, No. CV08-0773-PHX-MHM, 2009 WL 3174823 (D. Ariz. Sept. 29, 2009); *Goodyke v. BNC Mortgage, Inc.*, No. CV09-0074-PHX-MHM, 2009 WL 2971086 (D. Ariz. Sept. 11, 2009); *Garcia v. GMAC Mortgage, LLC*, No. CV09-0891-PHX-GMS (D. Ariz. Aug. 31, 2009); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009); *but see Castro v. Executive Trustee Servs., LLC*, No. CV08-2156-PHX-LOA, 2009 WL 438683 at *5 (D. Ariz. Feb. 23, 2009). "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), *modified at* 810 F.2d 1517 (9th Cir. 1987).

Under A.R.S. § 47-3104(B), "instrument" means a "negotiable instrument." "Negotiable instrument" means:

> . . . an unconditional promise or order to pay a fixed amount of money, if it:
>
> 1. Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> 2. Is payable on demand or at a definite time; and
>
> 3. Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
>
>     (a) An undertaking or power to give, maintain or protect collateral to secure payment;
>
>     (b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
>
>     (c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

A.R.S. § 47-3104(A). The Deed of Trust is not an unconditional promise to pay a fixed amount of money, is not payable to bearer or to order, is not payable on demand or at a definite time, and states numerous acts that Rhoads promised to do in addition to paying money. The Deed of Trust, therefore, is not an "instrument" under the Arizona Uniform Commercial Code—Negotiable Instruments.

It is not necessary to decide whether the Note is an "instrument" under A.R.S. § 47-3104(A) because the trustee's sale that Rhoads seeks to have declared void was conducted pursuant to the trustee's power of sale, not as an action to enforce the Note. Also, it is unnecessary to decide whether Chase or California Reconveyance satisfies the qualifications of a "person entitled to enforce" an instrument under A.R.S. § 47-3301 because they did not "enforce an instrument" by conducting the trustee's sale.

Therefore, Count One of the Complaint, as against Chase and California Reconveyance, will be dismissed under Fed. R. Civ. P. 12(b)(6) for "lack of a cognizable legal theory." *See Balistreri*, 901 F.2d at 699.

1    **B.     Counts Two (Declaratory Relief) and Three (Injunction)**

Counts Two and Three do not state independent causes of action but rather seek relief based on theories pled in other counts. Because the counts on which they depend will be dismissed as against Chase and California Reconveyance, Counts Two and Three against those Defendants also will be dismissed for failure to state a claim upon which relief can be granted.

**C.     Count Four (Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA")) (WaMu, Chase, California Reconveyance)**

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Section 1692e prohibits debt collectors from making false, deceptive, or misleading representations in connection with debt collection. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. Section 1692g requires debt collectors to provide consumers with certain written information in connection with debt collection.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* However, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985). A creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but

1  such term does not include any person to the extent that he receives an assignment or
2  transfer of a debt in default solely for the purpose of facilitating collection of such debt for
3  another." 15 U.S.C. § 1692a(4).

4  Chase is an assignee of Rhoads' debt and not a "debt collector" as defined by the
5  FDCPA. California Reconveyance is the trustee under the Deed of Trust and not alleged
6  to be in a business primarily for the purpose of collecting debts due another. To the extent
7  that either of these Defendants acted as a loan servicer, doing so does not make it liable
8  under FDCPA. *See Perry*, 756 F.2d at 1208. Therefore, Count Four, as against Chase and
9  California Reconveyance, will be dismissed for failure to state a claim upon which relief
10 can be granted.

**D.  Count Five (Violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and Regulation Z, 12 C.F.R. §§ 201, *et seq.*) (WaMu, Chase)**

13  The purpose of TILA is to "assure a meaningful disclosure of credit terms so that
14 the consumer will be able to compare more readily the various credit terms available to
15 him and avoid the uninformed use of credit, and to protect the consumer against inaccurate
16 and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Any action under
17 TILA must be brought within one year from the date of the occurrence of the alleged
18 violation. 15 U.S.C. § 1640(e). The limitations period in § 1640(e) generally runs from
19 the date of consummation of the transaction, which was April 28, 2003, and therefore
20 expired more than five years before Rhoads initiated this action. *See King v. California*,
21 784 F.2d 910, 915 (9th Cir. 1986).

22  The Complaint does not allege a factual basis for equitable tolling of the limitations
23 period, but rather alleges only the legal conclusion that WaMu "fraudulently
24 misrepresented and concealed the true facts related to the items subject to disclosure to
25 Plaintiff and he did not discover the Defendant's failure to make such disclosures pursuant
26 to 15 U.S.C. [§]1638 until one (1) year within the filing of this Complaint." *See id.* The
27 Complaint alleges that WaMu failed to disclose one or more of nine items without
28 identifying which of the nine were not disclosed and without alleging how WaMu

- 8 -

concealed from Rhoads that he did not receive the TILA disclosure, two copies of the Right to Cancel notice, or a notice of right to rescind.

But even if the Complaint alleged facts that plausibly suggest Rhoads is entitled to relief under TILA, Chase is not liable under TILA because it is not the initial lender and the Complaint does not include factual allegations to satisfy prerequisites for liability of assignees under 15 U.S.C. § 1641(a). Under TILA, "creditor" refers only to:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is **the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness** or, if there is not such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f) (emphasis added). Here, the initial creditor is WaMu. Chase is not the person to whom the debt was initially payable.

A civil action for a TILA violation that may be brought against a creditor may be brought against an assignee of the creditor only if the violation "is apparent on the face of the disclosure statement," as defined by 15 U.S.C. § 1641(a). The Complaint does not allege specifically what the initial creditor failed to disclose and facts supporting a conclusion that the violation was apparent on the face of the disclosure statement. Therefore, Count Five, as against Chase, will be dismissed for failure to state a claim upon which relief can be granted.

### E. Count Six (Violation of Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA")) (WaMu, Chase)

The Complaint alleges that WaMu violated RESPA by failing to provide Rhoads with the required disclosures within the required time periods. It does not allege any factual basis for claiming Chase violated RESPA. Nor does it plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S. Ct. at 1949. The Complaint references 12 U.S.C. §§ 2601, 2604, 2607, and 2608, but fails to state a claim upon which relief can be granted under any of those sections or § 2605.

Private rights of action are created only for §§ 2605, 2607, and 2608. *See* 12 U.S.C. § 2614. Section 2601 states only congressional findings and purpose. There is no private civil action for a violation of § 2604. *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) (per curiam).

Section 2605 requires lenders to provide borrowers, at the time of loan application, information regarding whether loan servicing may be transferred and to notify borrowers at least 15 days before any transfer is made. The Complaint does not expressly allege that § 2605 was violated, the loan servicing was transferred, or the transfer and violation occurred within three years before the Complaint was filed on September 15, 2009. *See* 12 U.S.C. § 2614. With respect to a claim under § 2605, the Complaint does not allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

Section 2607 of RESPA prohibits giving or accepting referral fees related to a real estate settlement service and splitting charges made or received for the rendering of a real estate settlement service other than for services actually performed. The Complaint does not include any factual allegations to support a claim under § 2607. Moreover, any action brought under § 2607 must be brought within one year of a violation. 12 U.S.C. § 2614. Because the limitations period expired April 28, 2004, five years before Rhoads initiated this action, the Complaint fails to state a claim upon which relief can be granted under § 2607.

Section 2608(a) provides that a *seller* of property may not require the buyer to purchase title insurance from any particular title company if the purchase is assisted with a federally related mortgage loan. Although the Complaint alleges entitlement to damages under § 2608, Rhoads has not alleged any claims against the seller of the Property, and neither WaMu nor Chase is the seller. Further, the Complaint does not allege that Rhoads was required to purchase title insurance from a particular title company or that he incurred charges for such title insurance. Moreover, any action alleging a violation of § 2608 must be brought within one year of the alleged violation, in this case, by April 28, 2004. 12

- 10 -

U.S.C. § 2614. And the Complaint does not allege facts to support equitable tolling of the limitations period.

Therefore, Count Six will be dismissed as against Chase for failure to state a claim upon which relief can be granted.

### F. Count Seven (Violation of Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1610, and 1639) ("HOEPA")) (WaMu, Chase)

HOEPA is an amendment to TILA "to define a class of non-purchase, non-construction, closed-end loans with high interest rates or upfront fees as 'High Cost Mortgages,'" require creditors making High Cost Mortgages to provide special disclosures three days before consummation of the transaction," and prohibit High Cost Mortgages from including certain terms such as prepayment penalties and balloon payments. S. Rep. 103-169, at 21 (1993). HOEPA applies only to "closed-end loans that are not used for acquisition or construction and that have up-front fees or interest rates above the 'triggers' in the bill." *Id.* at 23. The "triggers" are:

> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities . . .; or
>
> (B) the total points and fees payable by the consumer at or before closing will exceed the greater of–
>
> > (i) 8 percent of the total loan amount; or
> >
> > (ii) $400.

15 U.S.C. § 1602(aa)(1). The Complaint does not include factual allegations that, if true, would establish that Rhoads' loan transaction here meets § 1602(aa)(1)'s criteria.

Moreover, any HOEPA action must be brought within one year from the date of the occurrence of the violation, which, in this case, expired April 28, 2004. 15 U.S.C. § 1640(e). The Complaint does not allege facts to support equitable tolling of the limitations period.

Finally, Rhoads appears to have abandoned any HOEPA claim by failing to defend it in his response to the motion to dismiss. Therefore, Count Seven will be dismissed as against Chase for failure to state a claim upon which relief can be granted.

### G. Count Nine (Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.*) (WaMu, Chase)

A.R.S. §44-1522(A) declares the use of "any deception, . . ., misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise" to be an unlawful practice. "The elements of a private cause of action under the [Consumer Fraud Act] are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342, 666 P.2d 83, 87 (Ct. App. 1983) (citations omitted). Count Nine of the Complaint alleges that WaMu misrepresented the terms of the loan offered to Rhoads, including "the true cost of the loan, the true parties to the loan, the interest rate, the payments to be made under the loan, Plaintiff's ability to qualify for the loan, and Plaintiff's ability to refinance the loan in the future." It further alleges that WaMu "made a loan to Plaintiff without making a commercially reasonable determination of Plaintiff's ability to repay the loan" and "knew, or should have known, that Plaintiff would be incapable of making loan payments as required by the terms of the loan based on Plaintiff's income." Further, Count Nine alleges that Rhoads relied on WaMu's representations. Count Nine includes no allegations of any misconduct by Chase or basis for imposing liability on Chase for WaMu's actions. Because Chase did not participate in the loan transaction, it could not have made misrepresentations to Rhoads in connection with the loan transaction.

In his response to the motion to dismiss, Rhoads states:

> Plaintiff's Complaint, taken as a whole, pleads the circumstances constituting fraud with particularity. Pleading the circumstances constituting fraud means the time, the place, and the substance of the false misrepresentation, the facts misrepresented and the identification of the party making the representation, and what was obtained thereby.

However, the Complaint, even taken as a whole, does not plead any of those elements with particularity. Moreover, Rhodes' claim under the Arizona Consumer Fraud Act consists

of no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 129 S. Ct. at 1949.

Further, the factual allegations that are made related to Count Nine do not plausibly suggest an entitlement to relief. *See id.* at 1950. The Deed of Trust and the Note provided for an initial interest rate of 5.125% fixed for five years, *i.e.*, until May 1, 2008. Rhoads did not begin missing loan payments until early 2008, after apparently making timely payments for nearly five years and while the interest rate was fixed. It is implausible that WaMu knew or should have known at the time of the 2003 loan transaction that Rhoads would become incapable of making loan payments in 2008.

Therefore, Count Nine will be dismissed as against Chase for failure to state a claim upon which relief can be granted.

**H.     Counts Eight (Conspiracy to Commit Fraud and Conversion), Thirteen (Fraud–Misrepresentation), Fourteen (Fraud–Concealment), and Seventeen (Fraud–Concealment) (All Defendants)**

Fed. R. Civ. P. 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged," such as "the time, place and nature of the alleged fraudulent activities." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). However, "mere conclusory allegations of fraud are insufficient." *Moore*, 885 F.2d at 540. Counts Thirteen, Fourteen, and Seventeen will be dismissed under Fed. R. Civ. P. 9(b) and 12(b)(6) because they consist of no more than "mere conclusory allegations of fraud" and a "formulaic recitation of the elements of a cause of action." *See id.*; *Twombly*, 550 U.S. at 555.

Facts alleged to support Count Eight are:

- Defendants conspired to deprive Rhoads of his property "through fraud and misrepresentation which would result in Plaintiff entering a loan for which Plaintiff was not qualified."
- "Defendants intended that the loan would be packaged and sold, resulting in a substantial profit to Defendants."

- 13 -

- "Defendants knew prior to their origination and subsequent transfer of the loan, that Plaintiff was not qualified for the loan. Furthermore, the Defendants knew, or should have known, that Plaintiff would rely, and did rely, on Defendants' representations as alleged herein related to Plaintiff's ability to repay the loan or to refinance the loan."
- "Defendants' legal objective of assigning and selling the loan was accomplished by illegal means in procuring the loan because of Defendants' violation of [TILA, RESPA, and HOEPA] as alleged herein."
- "Upon information and belief, as an alternative to packaging and selling Plaintiff Plaintiff's [*sic*] loan, Defendants knew that the loan would be subject to foreclosure as a result of Plaintiff's inability to make payments on the Note as the payment escalated during the term of the loan resulting in Plaintiff Edward Schrader's [*sic*] inability to qualify for a refinance at a later date."
- "Defendant intended that Plaintiff would default on the loan and Defendants would be in the position of seizing the Residence in a foreclosure action, depriving Plaintiff of his residence."

First, Count Eight does not identify which Defendant allegedly committed which wrongful acts, including what, when, and by whom misrepresentations were made. A complaint should consist of "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Second, none of the allegedly wrongful actions are alleged to have been committed by Chase. Because Chase did not participate in the loan transaction and was neither the agent nor principal for any of those participating in the loan transaction, it is implausible that before Chase acquired some of WaMu's assets, which included Rhoads' debt, it conspired with others to offer Rhoads a loan with the intention that Rhoads would someday default on the loan.

- 14 -

Third, the factual allegations do not plausibly suggest an entitlement to relief. *See Iqbal*, 129 S. Ct. at 1950, 1951. The fact that Rhoads made timely loan payments for five years refutes the allegation that he was not qualified for the loan at the time of the loan transaction. The fact that he began missing payments before the loan's interest rate adjusted rebuts any inference that his default was caused by an undisclosed exorbitant rate adjustment or oppressive loan terms. Moreover, his loan had a 5.125% fixed annual interest rate for a five-year period and during the subsequent years could not exceed 10.125%. The fact that Rhoads is an attorney and was able to make timely payments for five years contradicts the allegation that he relied on a lender's representation regarding his ability to repay the loan.

In his response to the motion to dismiss, Rhoads contends only that "Plaintiff has properly pled that the Defendant Conspirators developed a system that committed fraud, and violated numerous federal lending laws." Rhoads has not, however, properly pled claims under FDCPA, TILA, RESPA, or HOEPA or factual allegations to support a claim that Chase "developed a system that committed fraud."

Therefore, Counts Eight, Thirteen, Fourteen, and Seventeen will be dismissed for failure to state a claim upon which relief can be granted and failure to plead fraud with particularity.

**I. Counts Ten (Estoppel), Eleven (Fiduciary Duty of Care), Twelve (*Respondeat Superior*), Fifteen (Implied Duty of Good Faith and Fair Dealing), Sixteen (Breach of Contract–Damages), and Eighteen (Punitive Damages)**

Rhoads' response to the motion to dismiss does not defend his claims of estoppel, fiduciary duty of care, implied duty of good faith and fair dealing, *respondeat superior*, and breach of contract and therefore abandons them. Moreover, the Complaint pleads these claims with no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and in some instances even less, *e.g.*, references to "counter-claimants" and "counter-defendants" where there is no

counterclaim. Therefore, Counts Ten, Eleven, Twelve, Fifteen, Sixteen, and Eighteen will be dismissed for failure to state a claim upon which relief can be granted.

### IV. All Claims Currently Pled Against California Reconveyance Must Be Dismissed.

A.R.S. § 33-807(E) provides:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

The Complaint does not allege that California Reconveyance, the trustee, has breached any of its obligations under the Arizona Deed of Trust Act or under the Deed of Trust. Therefore, California Reconveyance "is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from" Rhoads.

### V. Waiver of All Defenses and Objections to the Sale

A.R.S. § 33-811(C) provides in part:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the scheduled date of the sale.

Defendants contend that because Rhoads did not obtain a court order granting Rule 65 relief before the scheduled date of the sale, he has waived all defenses and objections to the sale pursuant to § 33-811(C). The parties have not cited, and the Court has not found, any citable cases interpreting § 33-811(C) after the statute was amended in May 2002 to include the entirely new subsection (C). 2002 Ariz. Legis. Serv. Ch. 259 (H.B. 2071) (West). The original version of House Bill 2071 did not mention a trustor's waiver of defenses and objections, nor did any of the legislative committee minutes. In fact, subsection (C) was added to H.B. 2071by a Senate floor amendment after the committee hearings were completed. The parties have not presented any legislative history of the

- 16 -

2002 addition of subsection (C), and the Court's own investigation, admittedly preliminary, has yielded nothing directly explanatory of the new subsection.

Read in context, subsection (C) does not create an absolute bar to all post-trustee sale challenges. Section § 33-811(B) provides, in part:

> The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting notice of sale and the conduct of the sale. A trustee's deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice.

The phrase "all defenses and objections to the sale" in subsection (C) may be construed as referring to defenses and objections based on lack of "compliance with requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale," which is the subject of subsection (B). The phrase may not bar challenges that are not based on failure to comply with the Arizona Deed of Trust Act or requirements of the Deed of Trust. The Deed of Trust statutes must be strictly construed in favor of the borrower. *Patton v. First Federal Sav. & Loan Ass'n of Phoenix*, 118 Ariz. 473, 477, 578 P.2d 152, 156 (1978). Further, waiver of "all defenses and objections to the sale" should not defeat subsection (B)'s distinction between presumptive and conclusive evidence.

Moreover, Defendants appear to argue that subsection (C) absolves a beneficiary for selling the trust property if the trustor fails to obtain an injunction stopping the trustee's sale in all circumstances—even where the trustor has not breached the contract for which the property is security. Completion of the sale would become a full substitute for actual breach of the contract, ending all inquiry there. Defendants would thus pack into the 2002 amendment of subsection (C) an implicit repeal of other express provisions of the statutory scheme and of the essential structure of the deed of trust system since its enactment three decades before. Trustors could no longer have post-sale adjudication that they were not in breach of the contract and that the sale was therefore substantively

- 17 -

1 invalid. It is unlikely that this revolution was smuggled into a remote corner of a bill
2 promoted as pro-consumer.

3 For now, however, the definitive construction of § 33-811(C) need not be decided
4 because, regardless of whether it bars any of Rhoads' claims, the Complaint fails to state
5 any claim upon which relief can be granted.

**VI.    Leave to Amend**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

As shown *supra*, as trustee, California Reconveyance "need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust." Because Rhoads does not claim that California Reconveyance breached its obligations under the Deed of Trust or the Arizona Deed of Trust Act, it would be futile to amend any of Rhoads' claims against California Reconveyance.

Amendment of most of Rhoads' claims against Chase also would be futile. Counts One, Two, and Three depend on the "show me the note" theory that is rejected as a matter of law. Count Four, claiming violation of the FDCPA, would apply only to a debt collector, which Chase is not. Count Five, claiming violation of TILA, applies only to the initial creditor, not Chase, and is time-barred. Count Six, claiming violation of RESPA, does not apply to Chase, which is not the initial creditor or the seller, and is time-barred. Count Seven, claiming violation of HOEPA, does not apply to the loan transaction here and is time-barred. Count Nine, claiming violation of the Arizona Consumer Fraud Act, does not apply to Chase, which did not participate in the loan transaction. Counts Eight, Thirteen, Fourteen, and Seventeen do not appear to apply to Chase, but are pled in such a conclusory fashion that it is difficult to determine whether amendment would be entirely futile. Rhoads has abandoned Counts Ten through Twelve, Fifteen, Sixteen, and Eighteen. Therefore, Counts One through Seven, Nine, Ten through Twelve, Fifteen, Sixteen, and

Eighteen as against Chase will be dismissed with prejudice, and Rhoads will be granted leave to amend Counts Eight, Thirteen, Fourteen, and Seventeen.

Also, Rhoads seeks leave to amend his Complaint to add "Deutsche Bank and WAMU 2003-AR7 as Defendants" because Chase "allegedly assigned the beneficial interest in Plaintiff's home to WAMU 2003-AR7 Trust with Deutsche Bank National Trust as Trustee." A party who moves for leave to amend a pleading must comply with the requirements of LRCiv 15.1. Because Rhoads has failed to satisfy those requirements, his request for leave to amend will be denied without prejudice to seeking leave to amend in compliance with LRCiv 15.1.

IT IS THEREFORE ORDERED that the Motion to Dismiss (doc. # 7) by Defendants JPMorgan Chase Bank, N.A., and California Reconveyance Company is granted.

IT IS FURTHER ORDERED that Plaintiff Douglas C. Rhoads' Complaint is dismissed with prejudice as to Defendant California Reconveyance Company for failure to state a claim upon which relief can be granted, and attorneys' fees and costs under A.R.S. § 33-807(E) are awarded in favor of Defendant California Reconveyance Company and against Plaintiff Douglas C. Rhoads.

IT IS FURTHER ORDERED that Counts One through Seven, Nine, Ten through Twelve, Fifteen, Sixteen, and Eighteen of the Complaint against Defendant JPMorgan Chase Bank, N.A., are dismissed with prejudice for failure to state a claim upon which relief can be granted, and Counts Eight, Thirteen, Fourteen, and Seventeen are dismissed for failure to plead fraud with particularity and failure to state a claim upon which relief can be granted with leave to file an amended complaint by April 20, 2010.

IT IS FURTHER ORDERED that Plaintiff show cause by April 20, 2010, regarding why the Complaint should not be dismissed without prejudice as to all of the Defendants named in the Complaint who have not been served with process.

IT IS FURTHER ORDERED that Plaintiff's Request for Leave to Amend Complaint (doc. # 8) is denied for failure to comply with LRCiv 15.1 without prejudice to seeking leave to amend in compliance with Local Rules by April 13, 2010.

DATED this 6th day of April, 2010.

_____
Neil V. Wake
United States District Judge