**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas C. Rhoads,<br><br>    Plaintiff,<br><br>vs.<br><br>Washington Mutual Bank, F.A., et al.,<br><br>    Defendants. | No. CV-10-00197-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Relief Pursuant to FRCP 60(b)(6) (Doc. 26). Plaintiff claims he is entitled to relief from this Court's final judgment dismissing his case on April 22, 2010 (Doc. 25).

**I.   Background**

This action arises out of Plaintiff's loan obligation for property located at 4834 East Crystal Lane in Paradise Valley, Arizona. Plaintiff made loan payments until 2008, when he unsuccessfully sought a loan modification. On September 25, 2008, Chase acquired certain assets, including a number of notes and deeds of trust, from Plaintiff's lender Washington Mutual. On December 30, 2008, a Notice of Trustee's Sale was recorded which named Chase as the beneficiary, setting the trustee's sale for April 2, 2009. On September 15, 2009, Rhoads filed a complaint in the Maricopa County Superior Court. The property was sold at a trustee's sale on January 5, 2010. On January 28, 2010, Defendants removed the case from the state court to federal court (Doc. 1).

This Court granted Defendants' motion to dismiss on April 7, 2010 (Doc. 23). That order dismissed all of Plaintiff's counts against California Reconveyance Company and most of the counts against JPMorgan Chase Bank with prejudice. However, Plaintiff was given leave to file an amended complaint with respect to Counts Eight, Thirteen, Fourteen, and Seventeen against JPMorgan Chase Bank by April 20, 2010 (Doc. 23). Additionally, the Court denied Plaintiff's request for leave to amend his complaint because Plaintiff failed to comply with LRCiv 15., without prejudice to seeking leave to amend in compliance with the Local Rules of Civil Procedure by April 13, 2010. Finally, Plaintiff was ordered to show cause by April 20, 2010 why the case should not be dismissed with respect to the remaining defendants who had not yet been served. Because Plaintiff failed to file an amended complaint or respond to the order to show cause, the Court entered judgment on April 22, 2010, dismissing the case with prejudice against Defendants California Reconveyance Company and JPMorgan Chase Bank, and without prejudice against the defendants who had not been served (Docs. 24, 25).

**II.     Legal Standard**

Federal Rule of Civil Procedure 60(b) provides the bases on which a party can seek relief from a final judgment of the Court. Rule 60(b)(1)-(5) provide specific grounds for seeking relief. Rule 60(b)(2) applies where a party obtains "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Under Rule 60(b)(3), a party may seek relief from a judgment where there has been "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." A party seeking relief from a judgment under Rule 60(b)(1)-(3) must make his motion "no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). Motions made under Rule 60(b)(4)-(6) must be made "within a reasonable time." *Id.*

Rule 60(b)(6) applies in extraordinary circumstances not otherwise addressed by Rule 60(b)(1)-(5) and allows for relief for "any other reason that justifies relief." The purpose of Rule 60(b)(6) is to "vest power in courts adequate to enable them to vacate judgment

- 2 -

whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). The Court of Appeals for the Ninth Circuit has applied this "extraordinary circumstances" standard of relief under Rule 60(b)(6) not to reward litigants who "seek[] a second bite at the apple" or who ask for reconsideration while "ignor[ing] normal legal recourses" such as an appeal, but rather to avoid inequitable results and accomplish justice. *See In re Pac. Far E. Lines*, *Inc*., 889 F.2d 242, 250 (9th Cir. 1989) (ordering the refund of part of a $776,000 payment paid by the trustee of the debtor corporation in bankruptcy in light of a subsequent change in the law).

**III. Analysis**

Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6) "because, by error or design, Defendant JP Morgan Chase ("Chase"), misled this Court about its role and authority at the time of dismissal." (Doc. 26 at 1.) Plaintiff claims that JP Morgan Chase "falsely represented"

> (1) that the sale of assets had been finalized; (2) that Chase owned the assets—including the trust assets where Rhoads' note is allegedly pooled--- of WaMu by a sale from the FDIC; (3) that Chase did not take on any liabilities of WaMu by the sale of assets; and (4) that JP Morgan Chase was acting as an authorized agent of Deutsche Bank National Trust Company as Trustee for WAMU 2003-AR7 in ordering foreclosure of Rhoads' deed of trust, and in seeking the Rhoads' family's eviction from their home.

(Doc. 26 at 2.) Throughout his motion, Plaintiff makes clear that the basis on which he seeks relief is that JP Morgan Chase has "distort[ed] the truth" and "made a material misrepresentation to this federal court." (Doc. 26 at 11). These assertions show Plaintiff seeks relief because of Defendant's fraud on the Court; however, a motion for relief from a final judgment on the basis of fraud or misrepresentation by an opposing party properly falls under Rule 60(b)(3), not Rule 60(b)(6). A claim for relief under Rule 60(b)(3) must be filed within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). Here, the judgment from which Plaintiff seeks relief was entered on April 22, 2010 (Doc. 25), but Plaintiff did not file his Rule 60(b) motion until July 28, 2011 (Doc. 26). Because Plaintiff's motion was not timely filed, it will be denied.

Plaintiff also notes that he did not discover JP Morgan Chase's alleged misrepresentations until after his case was dismissed with prejudice. (Doc. 26 at 6, 11.) To the extent that Plaintiff thus bases his motion on newly discovered evidence, Rule 60(b)(6) is not the proper authority; rather, a motion made on the basis of newly discovered evidence falls under Rule 60(b)(2). Motions made under Rule 60(b)(2) must also be made within one year of the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Accordingly, Plaintiff's motion is untimely.

Because Plaintiff's motion falls under the ambit of Rule 60(b)(2) and (3) and is therefore untimely made, and Plaintiff has not otherwise provided any extraordinary grounds on which to justify relief under Rule 60(b)(6), his motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief Pursuant to FRCP 60(b)(6) (Doc. 26) is denied.

DATED this 5th day of August, 2011.

_____
Neil V. Wake
United States District Judge